## WICKER *v.* STATE.

### [65 South. 885-514.]

1. CRIMINAL LAW.   *Trial.   Instructions.   Assault and battery.   Prosecution.*

In a prosecution for assault and battery, it was error to give an instruction for the state that "if the jury believed from the evidence beyond a reasonable doubt that the defendant provoked the difficulty with an insult, although prosecutor struck the first blow, then you should find the defendant guilty, provided you believe that the defendant struck prosecutor with his fist, and threw him to the ground," because it takes away from the jury the right to determine whether such words were or were not a sufficient excuse or· justification for the assault and battery made by prosecutor upon defendant, under Code 1906, section 1501.

2. ASSAULT AND BATTERY.   *Prosecution.   Instructions.*

In a prosecution for assault and battery it was error for the court not to grant to the defendant an instruction asked for by him "that insulting words do not constitute an assault, and if the jury believe from the evidence beyond a reasonable doubt that the prosecutor struck the defendant the first blow, and afterwards defendant defended himself with no more force than was necessary to ward off the attack, as he had a legal right to do, then the jury must find the defendant not guilty.

APPEAL from the circuit court of Smith county.

HON. W. H. HUGHES, Judge.

R. O. Wicker was convicted of assault and battery and appeals.

The facts are fully stated in the opinion of the court.

*T. J. Wills,* for appellant.

Insulting words, no matter how violent and menacing they may be, do not constitute an assault at common law. "Mere words or menaces do not, of themselves, constitute an assault, and consequently mere threatening language and abuse, however violent in its character, unaccompanied by any overt act of hostility, is no legal provocation for assault and battery." 2 Am. & Eng. Ency. of Law (2d Ed.), page 957 and notes cited thereunder. In May's Criminal Law (3d Ed.), page 204, the rule is thus laid down: "Mere words, however menacing, it seems long to have been universally agreed, do not amount to an assault. Though the speaking of the words is an act, it is not of such importance as to constitute an attempt to commit violence." It is not "violence begun to be executed." Consequently, mere words can never constitute a justification for an attack on the person using them.

Insulting words at common law do not constitute an assault, and a person attacked as a result of an insult given has the right of selfdefense. And under the common-law rule, appellant having used insulting words towards the prosecuting witness, Wardell, had the right to strike back in self-defense, and would not have been guilty of the crime of assault and battery if no more force was used than was necessary to repel the attack made upon him, and the record in this case shows that appellant used no more force than was necessary to ward off the attack made upon him by Wardell.

The law in this state with reference to assault and battery is the same as that enunciated by the common law.

See *Smith* v. *State*, 39 Miss. 521. It is true that section 1501 of the Code of 1906, permits the giving in of evidence of insulting words used by a person as an excuse and justification for an assault and battery and leaves it with the jury to say whether the insult was sufficent to justify the assault and battery, but this section does not change the common law as to what constitutes an assault and battery, but only mitigates the offense when committed in the heat of passion aroused by the use of insulting words.

That insulting words do not constitute an assault, even under section 1510 of the Code, is shown by the very full and sound reasoning in the case of *Evans* v. *State*, 44 Miss. 762, where SIMRALL, justice, in rendering the opinion on page 773, says: "Be that as it may, there is no principal of criminal law better settled, none more necessary to the peace of society, and the safety of human life, than that threats, however deliberately made, do not justify an insult and battery, much less the taking the life of the party making them." And this opinion was rendered at a time when article 366 of the Code 1857, page 731, was in force, and is identically in its language with section 1501 of the Code of 1906.

We submit to the court, that insulting words do not constitute an assault and battery, and do not take from the person, giving the insult, the right of self-defense and especially when no more force is used than is necessary to repel the attack.

The instruction given by the state did not correctly state the law; the three instructions asked by the defendant and refused correctly stated this principle of law and it was an error for the court to refuse to so instruct the jury.

*Frank Johnston*, for appellee.

The question involved in the case is, whether this insulting epithet was an excuse or justification for the blow

that Wardell struck Wicker. The trial judge instructed the jury in effect, that if the defendant provoked the difficulty with an insult, although Wicker struck the first blow they should find the defendant guilty.

The instruction for the defendant holds the contrary of this doctrine—that no insulting words would justify an assault and battery and if Wicker struck the first blow, that Wardell had a right to strike back.

Section 1501 of the Code of 1906 is as follows: In trials for assault and battery, or for assault, the defendant may give in evidence, in excuse or justification, any insulting words used by the person on whom the assault or assault and battery was committed, at the time of the commission thereof, towards the defendant, and the jury may consider and determine whether such words were or were not a sufficient excuse for or justification of the offense committed.''

The statute clearly provides that the defendant may give in evidence an excuse or justification for any insulting words used by his adversary, and such statute leaves it to the jury to decide whether such words were or were not sufficient justification for the offense.

Section 1501 of the Code of 1906, is a precise reenactment of section 1428 of the Code of 1892, and was expressly decided in *Barr* v. *State,* 21 So. 131. The circuit court refused to instruct the jury that no insulting words would justify an assault and battery. This court held that this statute applied to the case, and the insulting words did constitute a justification or excuse for the blow, and that this matter was to be determined by the jury. I respectfully submit to the court that the question of the construction of the statute is so clear that it really needs no judicial construction or interpretation. The statute is clearly a modification of the rigor of the common-law doctrine in the subject, which does not follow the doctrine that no language, no matter how intollerable, could justfy an assault and battery.

There is an Alabama statute, section 4900 of the Code of 1876, which is identically the same doctrine as the Mississippi statute. The same construction was given to the Alabama statute as was given to the Mississippi statute by this honorable court. The Alabama court said that their statute was intended to modify the rule of the common law, which never permitted insulting words to justify an assault. The same was announced in *Priors' case,* 77 Ala. 56-60, and the application of the statute was limited by the court to cases af assault and battery.

A similar statute was so constructed in *Spignor* v. *State,* 103 Ala. 30, in which the court said that the language should unquestionably be left to the jury to decide whether abusive language was used. In *Hodgins' Case,* 89 Ga. 761, the court held that insulting words justified a blow in return. In the civil case of *Tucker* v. *Walters,* 78 Ga. 232, the court held that the words should be left to the jury. In *Murphy* v. *State,* 97 Ga. 75, the trial court said, in its charge to the jury: "Now in this matter the law makes you supreme," that is in deciding upon the insulting words. The Georgia court in passing on this construction of the statute said, that "the ancient common law on the subject had been completely superceded by statute."

I respectfully submit that the case should be affirmed.

COOK, J., delivered the opinion of the court.

At a former day of this term this case was affirmed, but in looking over the record we are unable to give a reason for the affirmance. Appellant was tried on an affidavit charging him with an assault and battery, if we ignore the averment that the assault and battery was "feloniously" made, which we think it proper to do. The evidence shows that appellant called the man assaulted "a damn liar," whereupon the man to whom this epithet was applied struck appellant, and appellant returned the blow, and a general fist fight ensued.

At the request of the state this instruction was given by the court:

"If the jury believe from the evidence beyond a reasonable doubt that the defendant provoked the difficulty with an insult, although Wardell struck the first blow, then you should find the defendant guilty, provided you believe that the defendant struck Wardell with his fist, and threw him to the ground."

We think it was error to give this instruction, because it takes away from the jury the right to "determine whether such words were or were not a sufficient excuse or justification" for the assault and battery made by Wardell upon the defendant. Section 1501, Code of 1906.

The court also erred in refusing to give this instruction requested by defendant, viz:

"The court charges the jury, for the defendant, that insulting words do not constitute an assault, and if the jury believe from the evidence beyond a reasonable doubt that Wardell struck the defendant the first blow, and afterwards defendant defended himself with no more force than was necessary to ward off the attack, as he had a legal right to do, then the jury must find the defendant not guilty."

For the errors mentioned, the suggestion of error is sustained, the judgment is reversed, and the cause remanded.

*Reversed and remanded.*